UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| National Diagnostic Imaging, LLC, | ) | CASE NO. 1:15 CV 1945 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Medical Care, LLC, *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Transfer Case to the Eastern District of Tennessee, at Greenville (Doc. 6). This is a breach of contract action. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff, National Diagnostic Imaging, LLC, filed this lawsuit in state court against defendants, Medical Care, LLC, LLC n/k/a Pine Palms Management ("Pine Palms") and Medical Care PLLC ("Medical Care) for actions arising out of a contractual relationship between plaintiff

1

and Pine Palms. Dr. Berns[1] is plaintiff's sole member. He is a radiologist licensed to practice medicine in both Ohio and Tennessee.

On or about May 7, 2007, plaintiff and Pine Palms entered into an agreement pursuant to which plaintiff agreed to provide certain tele-radiology services to Pine Palms. The agreement provides for the application of Ohio law. Pine Palms provides business management and medical practice services for Medical Care. Medical Care, in turn, is a medical practice offering a variety of services to its patients. Approximately 20 physicians work at the practice. Pursuant to the agreement, plaintiff agreed to provide services including the reading and interpretation of diagnostic images. Both defendants and their employees are located in Tennessee. In addition, over 90% of Medical Care's patients live in the proposed transferee district. Plaintiff, on the other hand, is located in Ohio. Plaintiff performed the reading and interpretation of the images while in Ohio. If a physician at Medical Care required plaintiff's services, Pine Palms contacted plaintiff and the images were sent from Tennessee to Ohio. Plaintiff read the images in Ohio and, in turn, prepared a report which was ultimately sent to Medical Care.

According to plaintiff, the agreement provides that it will be the exclusive provider of image reading services. Plaintiff claims that Pine Palms recently stopped sending images of Medical Care's patients to plaintiff for reading and interpretation. Thereafter, plaintiff filed a two-count complaint in state court. Count one is a claim for breach of contract against Pine Palms. Count two alleges tortious interference with contract against defendant Medical Care. Defendant removed this matter to this Court and moves to transfer venue to the Eastern District

---

[1] Plaintiff and Dr. Berns are used interchangeably throughout this Opinion.

of Tennessee.  Plaintiff opposes the motion.

## **ANALYSIS**

Defendant moves for a transfer of venue under 28 U.S.C. § 1404(a) which states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1404(a) entails a two-step process. First, defendant's proposed alternative forum must be a district "where [the action] might have been brought." 28 U.S.C. § 1404(a).  Second, the court then "considers the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. BusinessCard Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The party seeking transfer has the burden to prove that the balance of convenience is strongly in favor of transfer. *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002); *Bacik v. Peek*, 888 F. Supp.1405, 1414 (N.D. Ohio 1993).  "The court is also called upon to weigh a number of other case specific factors." *Cherokee Export Co. v. Chrysler International Corp.,* 142 F.3d 432 at *2 (6th Cir. Feb.2 1998).  These factors include:

> the relative ease of access to sources of proof; the availability of process to compel attendance of unwilling witnesses; the cost of obtaining willing witnesses; [and] the practical problems associated with trying the case most expeditiously and inexpensively. In short, the Court may consider any factor that may make any eventual trial easy, expeditious, and inexpensive.

*Id*.

As an initial matter, the parties do not dispute that venue would be proper in the Eastern District of Tennessee.  Therefore, the Court proceeds to address step two of the Section 1404(a)

analysis.

Defendant argues that the "relevant sources of proof" are located in Tennessee. According to defendant, all of defendant's potential witnesses and "medical record" exhibits are located in Tennessee. Therefore, the witnesses are beyond the subpoena power of the Court. According to defendant, it would be required to rely to its detriment on deposition testimony in lieu of live trial testimony. Defendant claims that it would incur great expense in transporting documentary evidence and witnesses to Ohio for hearings and a trial. Defendant also points out that the agreement provides that documentary records relevant to the agreement be maintained by defendant. Defendant argues that the "conduct complained of" occurred in Tennessee, especially with regard to plaintiff's tortious interference claim against Medical Care. As such, all factors point in favor of a transfer of venue.

In response, plaintiff points out that defendant wholly fails to identify any specific witness whose testimony is relevant to this action. Nor does plaintiff articulate why patient files have a bearing on the outcome of this case. According to plaintiff, it will not need discovery of the particular patients in order to prove its case. Rather, plaintiff claims that the contract required defendant to send all images to plaintiff for review. Thus, there will be no need for discovery regarding any particular patient or physician. All that is required is a determination of the number of images plaintiff sent elsewhere. Plaintiff claims that the reports Dr. Berns prepared (as well ast those prepared by other radiologists) are located in Cleveland. Regardless, according to plaintiff, documentary evidence in this case is extremely limited and easily transported from Tennessee to Ohio. Plaintiff argues that the harm occurred in this District because defendant was to pay plaintiff here for its services. Plaintiff further notes that he is a

sole practitioner and his absence from Ohio in order to pursue this action will cause undue hardship.

Upon review, the Court finds that defendant does not establish that convenience requires a transfer of venue. The primary focus of defendant's motion is that the convenience of the parties and difficulty in securing witnesses strongly favors that venue be transferred to Tennessee. The Court agrees with plaintiff, however, that defendant fails to establish the relevancy of this evidence. Plaintiff's compliant alleges that the agreement between plaintiff and Pine Palms requires that Pine Palms send all of its radiological work to plaintiff. In other words, plaintiff claims that the contract contains an exclusivity clause and plaintiff's recent use of another radiologist breaches the agreement. Whether the contract requires that Pine Palms use plaintiff as the exclusive radiologist for all patients requires the interpretation of the agreement and appears to be largely an issue of law. Defendant fails to establish how underlying patient records or doctor referrals have any bearing on whether the agreement is an exclusive agreement. As such, the Court finds that defendant has not established that the balance of convenience is strongly in favor of transfer.

Defendant also argues that the primary acts giving rise to the alleged misconduct occurred in Tennessee. Plaintiff disagrees and argues that performance occurred in Ohio and, therefore, Ohio has a strong interest in ensuring enforcement of the agreement. Upon review, the Court finds that this factor weighs neither strongly in favor of nor against transfer. As plaintiff notes, the parties agreed that Ohio law applies to the enforcement of the agreement. Moreover, although any alleged breach may have occurred in Tennessee, plaintiff's performance occurred

5

in Ohio.[2]  In all, both forums have a strong interest in the outcome of this case.

Defendant also argues that little weight should be afforded to plaintiff's choice of forum because plaintiff initially filed this case in state court.  Because plaintiff has already been divested of its forum choice, this factor should not weigh in plaintiff's favor.  The Court notes, however, that the agreement contains an arbitration clause. Thus, the Court cannot say that defendant's proffered forum, *i.e.*, federal court in Tennessee, is entitled to significant weight.  Defendant previously agreed to proceed in a forum other than the forum it now seeks.  Although not dispositive, the Court finds that this factor does not weigh strongly in favor of transfer.

Having reviewed the relevant factors, the Court cannot say that defendant established that a transfer of venue is warranted under Section 1404(a).

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer Case to the Eastern District of Tennessee, at Greenville (Doc. 6) is DENIED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/3/15

---

[2]    Defendant correctly notes that most if not all of the conduct giving rise to the tortious interference claim occurred in Tennessee.  As plaintiff argues, however, the two claims are interrelated.